UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES BROWN,                                         CASE NO.:

    Plaintiff,

v.

TRANE TECHNOLOGIES COMPANY LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES BROWN ("Mr. Brown" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from TRANE TECHNOLOGIES COMPANY LLC ("TTC" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Bay County, Florida.

3. Defendant is a Foreign Limited Liability Company that is located and does business in Bay County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Bay County, Florida, and therefore the proper venue for this case is the Panama City Division of the Northern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) he suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Mr. Brown worked for TTC, most recently as a Maintenance Technician 3, from June 4, 2010, until September 1, 2020.

8. During his years with TTC, Mr. Brown was productive and reliable.

9. In July of 2020, as the coronavirus/COVID-19 pandemic raged, Mr. Brown fell sick with respiratory and cough symptoms.

10. Mr. Brown therefore utilized a brief period of continuous FMLA leave in order to have himself tested for COVID-19, and to treat and address his serious health condition.

11. Mr. Brown's test came back negative for COVID-19 and Mr. Brown returned to work on July 30, 2020.

12. Mr. Brown again experienced respiratory and cough symptoms in early August of 2020.

13. Beginning on August 12, 2020, Mr. Brown therefore went out on another brief period of continuous FMLA leave in order to treat and address his serious health condition.

14. Mr. Brown took a COVID-19 test on August 13, 2020, and his results came back as positive on August 17, 2020.

15. By August 24, 2020, Mr. Brown felt well enough, and the symptoms of his serious health condition had eased enough, that he scheduled another test for COVID-19, in the hopes that he would be cleared and could return to work.

16. Mr. Brown had a COVID-19 test performed on August 25, 2020, and received a negative test result on August 28, 2020, meaning that he was not positive for COVID-19 any longer.

17. Mr. Brown immediately shared this happy news with his supervisors at TTC, and was informed that he could return to work on August 31, 2020.

18. Mr. Brown did so, only to be informed by his supervisors at TTC that day that he had been suspended.

19. The next day, September 1, 2020, Mr. Brown's supervisors at TTC informed him that TTC had terminated his employment, effective immediately.

20. According to TTC, a medical lab had told TTC that Mr. Brown was "still sick with COVID," had "refused treatment," and "was rude" to its personnel.

21. Mr. Brown had tried to schedule a COVID-19 test with the lab in question, but the lab staff with whom he had spoken had told him "I'm not sure how to help you, sir."

22. Which is why Mr. Brown had a COVID-19 test done at a different lab on August 25, 2020.

23. The results from this second lab, which Mr. Brown received on August 28, 2020, confirmed that he was not "still sick with COVID."

24. Mr. Brown never "refused treatment."

25. TTC interfered with, and ultimately retaliated against, Mr. Brown because he suffered a serious health condition and because he availed himself of some continuous unpaid FMLA leave in order to treat and address same, and to keep his co-workers safe during a pandemic.

26. TTC's adverse employment action recounted herein was taken in interference with, and retaliation for, Mr. Brown disclosing his serious health condition, and utilizing FMLA leave to treat and address same.

27. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

28. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

29. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

30. The timing of Plaintiff's use of protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

31. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of protected FMLA leave.

32. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

33. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

34. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34, above.

36. At all times relevant hereto, Plaintiff was protected by the FMLA.

37. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

38. At all times relevant hereto, Defendant interfered with Plaintiff's FMLA rights by failing to restore him to the same or an equivalent position upon his return from FMLA leave.

39. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34, above.

42. At all times relevant hereto, Plaintiff was protected by the FMLA.

43. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

44. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating him for utilizing what should have been FMLA-protected leave.

45. Defendant acted with the intent to retaliate against Plaintiff, due to the extremely close proximity between Plaintiff's use of FMLA leave and his termination.

46. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

47. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 2nd day of November, 2021.

Respectfully Submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*